**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000092
20-MAR-2013
08:10 AM**

NO. CAAP-12-0000092

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RAY N. PUGA, Defendant-Appellant and
HAZEL K.R. DAVIS and RAMON A. ALCANTARA, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0149)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Ray N. Puga (**Puga**) appeals from a January 12, 2012 Judgment Guilty Conviction and Sentence (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On February 2, 2010, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Puga and co-defendants, Hazel K.R. Davis (**Davis**) and Ramon A. Alcantara (**Alcantara**), with attempted murder in the second degree in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500 (1993), 707-701.5 (1993), and 706-656 (1993 & Supp. 2012).  On October 25, 2011, following a jury trial, Puga was found guilty of the lesser included offense of reckless endangering in the second degree in violation of HRS § 707-714 (Supp. 2012).

---

[1]    The Honorable Colette Y. Garibaldi presided.

On appeal, Puga raises a single point of error, contending that the Circuit Court was not authorized to impose restitution against him because his criminal misconduct did not *cause* the victim's losses, as required under the Hawai'i victim restitution statute.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Puga's point of error as follows:

Puga argues that the jury's verdict as to reckless endangering in the second degree fails to provide a causal link, or a nexus, between Puga's conduct and the complaining witness's injuries and, therefore, Puga cannot be ordered to pay restitution pursuant to HRS § 706-646 (Supp. 2012), which provides, in relevant part:

> §706-646 **Victim restitution.** (1) As used in this section, "victim" includes any of the following:
> (a) The direct victim of a crime including a business entity, trust, or governmental entity;
> . . .
> (c) A governmental entity that has reimbursed the victim for losses arising as a result of the crime or paid for medical care provided to the victim as a result of the crime.
> (2) The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. The court shall order restitution to be paid to the crime victim compensation commission in the event that the victim has been given an award for compensation under chapter 351. . . .
> (3) . . . Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:
> . . .
> (b) Medical expenses; and
> (c) Funeral and burial expenses incurred as a result of the crime.

"[U]nder HRS § 706-646, a defendant cannot be ordered to pay restitution unless he caused a victim's losses." State v. Domingo, 121 Hawai'i 191, 194, 216 P.3d 117, 120 (App. 2009). Absent evidence that Puga's conduct was a cause of, or aggravated, the complaining witness's injuries, no causal

relationship between Puga's criminal act and a victim's losses is shown and restitution may not be imposed pursuant to HRS § 706-646. See id. at 195, 216 P.3d at 121. To establish causation, there must be a nexus between Puga's conduct and the complaining witness's injuries. See id. ("[R]estitution cannot be imposed pursuant to HRS § 706-646" because" [n]o nexus between Domingo's conduct and [the victim's] injuries [] has been demonstrated.").

The jury found Puga guilty of reckless endangering in the second degree in violation of HRS § 707-714 (Supp. 2012), which provides, in relevant part:

> §707-714 Reckless endangering in the second degree.
> (1) A person commits the offense of reckless endangering in the second degree if the person:
>     (a) Engages in conduct that recklessly places another person in danger of death or serious bodily injury[.]

The Circuit Court found that there was a sufficient nexus between Puga's conduct and the complaining witness's injuries to order restitution. We agree. Even though Puga was not convicted of attempted murder, the complaining witness's injuries were, in part, a result of Puga's offense. Puga participated in planning the attack. He picked up and transported the complaining witness to the location of the attack, and otherwise engaged in conduct that recklessly placed the complaining witness in danger of death or serious bodily injury. Although Puga was not convicted of inflicting bodily injury upon the complaining witness, the complaining witness suffered bodily injury and incurred medical expenses as a result of Puga's actions.

Puga's reliance on Domingo is misplaced. In Domingo, which involved a fatal car accident, the State asserted that the decedent, not the defendant, caused the accident. Domingo, 121 Hawai'i at 195, 216 P.3d at 121. Domingo's criminal misconduct was that he failed to remain at the scene of the accident, provide information, and render assistance. Id. None of these

actions had a nexus with the decedent's death, which was immediate upon impact. Id. That situation is plainly distinguishable from the incident in this case, where Puga's conduct placed the complaining witness in danger of death or serious bodily injury, and the complaining witness did in fact suffer bodily injury at least in part as a result of Puga's reckless endangerment.

For these reasons, the Circuit Court's January 12, 2012 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 20, 2013.

On the briefs:

Walter J. Rodby
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge